UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GENA MARIE QUEST                                          CIVIL ACTION

VERSUS                                                    NO. 13-4872

CHURCH MUTUAL INS. CO., ET AL.                            SECTION "B"(5)

ORDER AND REASONS

**Nature of Motion and Relief Sought**

Before the Court is Plaintiff Gena Marie Quest's Motion to Remand. (Rec. Doc. No. 10). Defendants filed an Opposition. (Rec. Doc. No. 12).

Accordingly, and for the reasons enumerated below **IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED.**

**Cause of Action and Facts of Case**

This case arises out of personal injuries allegedly sustained by Plaintiff when she was struck by a bus operated by Defendant Mosley. (Rec. Doc. No. 1-1). Plaintiff filed suit against Mosley, his employer (Rocky Bayou Christian School, Inc.), and Defendants' insurer (Church Mutual Life Insurance Co.) in the Civil District Court for the Parish of Orleans on December 10, 2012. (*Id.*). Defendants filed a Notice of Removal with this Court on June 21, 2013. (Rec. Doc. No. 1). Plaintiff claims the Notice of Removal was untimely, and now seeks remand. (Rec. Doc. No. 10).

1

**Law and Analysis**

A defendant in a state court proceeding may remove to federal court any matter in which a federal court would also have original jurisdiction. 28 U.S.C. § 1441(a). Thus, when removal is sought based on diversity of citizenship, the requirements of 28 U.S.C. § 1332(a) must be satisfied - i.e., complete diversity of the parties and amount in controversy exceeding $75,000. In addition to meeting the jurisdictional prerequisite, a petition for removal must be timely. Specifically, the notice of removal must be filed within 30 days after receipt of the initial pleadings, or - if not initially removable - within 30 days after receipt of court documents wherein federal jurisdiction is first ascertainable. 28 U.S.C. § 1446(b).

The instant case asks whether federal jurisdiction is present - so as to begin the 30 day removal clock - where the amount in controversy for diversity jurisdiction is not specifically stated. Plaintiff in the instant case filed their initial petition for damages claiming "damages exceed[ing] $50,000" for:

> [S]erious bodily injuries, including, but not limited to neck injuries, and back injuries with future lumbar surgery, together with lost wages, impaired earning capacity, with past mental anguish and physical suffering, past and further loss of enjoyment of life, permanent disability, and past and future expenses for medical care, including expenses for travel to physicians' office . . .

(Rec. Doc. No. 1-1 at 2-3)

Plaintiff claims this was enough to place Defendants on notice that more than $75,000 was at issue, thus starting the 30 day removal clock. Defendants respond that it was not clear, based on Plaintiff's description of damages, that the amount in controversy exceeded $75,000. Rather, Defendants argue, the 30 day removal clock did not begin until Plaintiff responded to Defendants' first set of interrogatories - wherein Plaintiff stated it was seeking in excess of $900,000. (Rec. Doc. No. 12 at 2-4).

For timeliness purposes, "the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading *only when that pleading affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added). A plaintiff may not rely on the diligence of a defendant to determine if a general recitation of damages - added together - reach the jurisdictional amount. *Id.* Instead, if a plaintiff wishes for the 30 day clock to begin at the filing of the initial pleading, plaintiff must "place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *Id.* Here, Plaintiff failed to include anything but a general description of damages, or to alert Defendants that the federal amount in controversy was

at issue. Thus, the 30 day clock did not begin with the filing of the initial pleadings.

In response, Plaintiff cites *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392 (5th Cir. 2013) and states that when the magnitude of claims "makes it plain on the face of the complaint that more than $75,000 is at issue" the removal time limit may be triggered. (Rec. Doc. No. 10-2 at 5). Plaintiff misreads *Mumfrey*. There, the Fifth Circuit clearly distinguished timeliness cases from "amount dispute" cases. *Mumfrey*, 719 F.3d at 398. Amount dispute cases are those where a defendant has already removed a case within 30 days of receiving a pleading, but before the amount in controversy is clearly established. *Id.* In such cases, removal is proper where the jurisdictionally required amount in controversy is "facially apparent," albeit not expressly stated. *Id.* at 400 (quoting *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)). Thus, if a defendant can discern from a pleading that over $75,000 is at issue, and the court agrees, the case may be removed. However, amount dispute cases are contrasted with timeliness cases. In a timeliness case, the issue is not whether a defendant's removal satisfies the federal amount in controversy, but whether the case *could have* been removed during the initial 30 day window. In timeliness cases, the "facially apparent" test has no application, and a removal petition will only be considered untimely if defendant failed to

4

remove where "specific allegation[s] that damages are in excess of the federal jurisdictional amount" are present. *Id.*

The instant matter is clearly a timeliness case, as Plaintiff's only argument is that Defendant could have removed during the initial 30 day period but chose not to. Application of the facially apparent test to timeliness cases was specifically rejected by the Fifth Circuit in *Mumfrey*, and is similarly rejected here. Defendants' failure to remove during the initial 30 days, thus, does not make the later notice of removal untimely.

Plaintiff next argues that subsequent correspondences notified Defendants' that the amount in controversy was met. Specifically, Plaintiff contends that an email was sent to Defendants' counsel on February 6, 2013. (Rec. Doc. No. 10-2 at 7). The email included Plaintiff's past medical expenses and a pre-bill for upcoming medical expenses - totaling $34,532.70. Plaintiff claims that Defendants should have been able to ascertain from this amount that the total amount in controversy exceeded $75,000. (*Id.*). Again, Plaintiff misreads Fifth Circuit precedent on the issue. In *Bosky v. Kroger Texas, LP*, the court held that for "other paper[s]" to trigger the 30 day removal clock, notice of the amount in controversy must be 'unequivocal.'" 288 F.3d 208, 211 (2002). The February email sent to Defense counsel did not unequivocally state that more than

5

$75,000 was at issue, and therefore the removal clock did not begin at that time.

Lastly, Plaintiff contends that Defendants removal petition was untimely, even when measured from the date on which Defendant received explicit notice that more than $75,00 was at issue. Plaintiff's contention is unavailing. Both parties agree that answers to Defendants' interrogatories were mailed on May 21, 2013 and revealed that nearly $1 million was at issue in the case. The 30 day clock began when Defendants received the interrogatories. *See* 28 U.S.C. 1446(b)(3). Defendants have not provided the Court with a date certain that they received the answers, but submit the earliest date would have been the day after their mailing - May 22. (Rec. Doc. No. 12 at 4). Plaintiff has not contested this claim. Thus, the first day of the 30 day clock was May 23. *See* Fed. R. Civ. Pro. 6(a)(1)(A) (when computing time "exclude the day of the event that triggers the period"). The 30th day was June 21, the day Defendants' Notice of Removal was filed. *See* (Rec. Doc. No. 1). The Notice was, therefore, timely.

Accordingly, and for the reasons enumerated above **IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED.** New Orleans, Louisiana, this 12th day of November, 2013.

UNITED STATES DISTRICT JUDGE

6